IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAKEITH AMIR-SHARIF | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-1038-H |
| | § | |
| DALLAS COUNTY PUBLIC | § | |
| DEFENDER'S OFFICE, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court.  The findings and recommendation

of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Lakeith Amir-Sharif, an inmate in the Dallas

County Jail, against the Dallas County Public Defender's Office, various supervisors and attorneys

in that office, and the Dallas County Commissioners Court.[1]  On June 12, 2006, plaintiff tendered

a complaint to the district clerk and filed an application to proceed *in forma pauperis*.  Because the

information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary

to prosecute this action, the court granted leave to proceed *in forma pauperis* and allowed the

complaint to be filed.  Written interrogatories then were sent to plaintiff in order to obtain additional

---

[1] Plaintiff purports to bring this case as a class action on behalf of "all persons who are currently or who will in the future be represented by the Dallas County Public Defender's Office--in particular, defendants with mental health issues."  (Plf. Compl. at 1).

information about the factual basis of this suit.  Plaintiff answered the interrogatories on September

11, 2006.  The court now determines that this case should be summarily dismissed pursuant to 28

U.S.C. § 1915(e)(2).

## II.

Plaintiff is currently incarcerated in the Dallas County Jail awaiting trial in three felony cases

and two misdemeanor cases.  Douglas Hugh Schopmeyer, an Assistant Dallas County Public

Defender, represents plaintiff on felony charges of stalking, aggravated assault with a deadly weapon,

and insurance fraud.  Etta J. Mullins, a court-appointed private attorney, represents plaintiff in a

misdemeanor assault case.[2]  According to plaintiff, these lawyers have failed to adequately represent

him and otherwise rendered ineffective assistance of counsel due to the "pervasive and long-standing

unconstitutional situation with regards to the Dallas County, Texas Indigent Defense Plan[.]"

(Interrog. at 1).  More particularly, plaintiff contends that the public defenders and other court-

appointed attorneys are overburdened with excessive caseloads, which prevent them from providing

an adequate defense to indigent persons charged with criminal offenses.  Among the laundry list of

claims asserted by plaintiff in his complaint and interrogatory answers are:  (1) wrongful

imprisonment, (2) denial of his constitutional rights to a speedy trial, due process, equal protection,

effective assistance of counsel, access to the courts, and free speech, and (3) discrimination against

indigent inmates and those suffering from mental illness.  (*See* Interrog. #2).  Plaintiff also accuses

the Dallas County Commissioners Court, the governmental body responsible for funding the public

defender system, of implementing unspecified policies and procedures that violate his constitutional

---

[2] Plaintiff alleges that he has been denied appointed counsel in another misdemeanor case "despite my known indigency for the past 11-months."  (Interrog. #1).

rights.   By this suit, plaintiff seeks nominal compensatory and punitive damages, a declaratory

judgment that he has received ineffective assistance of counsel and that the Dallas County indigent

defense system is unconstitutional, and injunctive relief.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes

that the action:

> (1)  is frivolous or malicious;
>
> (2)  fails to state a claim upon which relief can be granted; or
>
> (3)  seeks money relief against a defendant who is immune from
>      such relief.

28 U.S.C. § 1915(e)(2)(B).   An action is frivolous if it lacks an arguable basis in either law or fact.

*Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-*

*El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991).   A complaint fails to

state a claim "if it is clear that no relief could be granted under any set of facts that could be proved

consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232,

81 L.Ed.2d 59 (1984).   The court must assume that the facts set forth in the complaint are true. *See*

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164,

113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993).   However, dismissal is proper where "even the most

sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the

present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

Plaintiff essentially argues that he is being illegally confined by the state.   In *Heck v.*

*Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held that a

state prisoner cannot bring a section 1983 action directly challenging his confinement unless and

until the reason for his continued detention has been reversed on direct appeal, expunged by

executive order, or otherwise declared invalid by a state tribunal or federal court. *Heck*, 114 S.Ct.

at 2372. *See also Thomas v. Pugh*, 9 Fed.Appx. 370, 372, 2001 WL 522437 at *2 (6th Cir. May 9,

2001) (*Heck* applies to suits filed by pretrial detainees). Plaintiff acknowledges that no court has

ever ruled that the terms of his present confinement are invalid. (*See* Interrog. #3). Consequently,

he cannot maintain a civil rights action under 42 U.S.C. § 1983.

In addition, plaintiff has failed to state a colorable claim against his former or current

lawyers. Neither appointed or retained counsel acts under "color of state law" in representing a

defendant in the course of a criminal trial. *See Featherson v. Knize*, No. 3-06-CV-0729-K, 2006 WL

2215950 at *3 (N.D. Tex. Aug. 2, 2006), *citing Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677,

679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official

state actors, and generally are not subject to suit under section 1983"). This includes lawyers

employed as public defenders. *See Polk County v. Dodson*, 454 U.S. 312, 324-25, 102 S.Ct. 445,

453, 70 L.Ed.2d 509 (1981) (holding that "a public defender does not act under color of state law

when performing a lawyer's traditional functions as counsel to a defendant in a criminal

proceeding"). For these reasons, plaintiff's claims are without an arguable basis in law.[3]

### RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

---

[3] To the extent plaintiff challenges his pretrial incarceration, his complaint must be construed as an application for writ of habeas corpus under 28 U.S.C. § 2254. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). However, a search of Dallas County records reveals that plaintiff has never filed an Article 11.07 writ of habeas corpus in any of his pending cases. Unless and until plaintiff exhausts his available state remedies, he may not seek federal habeas relief. *See Davis v. Anderson*, No. 4-03-CV-0522-Y, 2003 WL 22389281 at *1-2 (N.D. Tex. Sept. 10, 2003), *rec. adopted*, 2003 WL 22387579 (N.D. Tex. Sept. 30, 2003) (citing cases).

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  September 12, 2006.


JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE